GEORGE WINKLER

*v.*

MARY MEISTER *et al.*

1. POSSESSION OF LAND—*in what manner proven.* Possession may be proven by inclosure, when it is co-extensive with the inclosure; or by showing paramount title, which draws to it the possession, in contemplation of law, to the boundary lines of the tract, if it is unoccupied by another. Or, it may be shown by proving actual occupancy of a portion of the tract, with a deed under which the possession is held, and in such case, the deed proves or explains the possession as extending to the lines called for by the deed.

2. But a party by merely showing that he is in the actual possession of a portion of a legal division or subdivision of land, does not thereby prove possession of the whole of such division or subdivision; and it matters not whether the claim is for the entire tract or only a portion of it.

3. TRESPASS *quare clausum fregit—plaintiff must prove possession.* To maintain trespass for a wrongful act committed upon land, the plaintiff must show that he was in possession of the land when the alleged act was done, either actually or constructively, according to the rule above laid down.

4. TRESPASS OR CASE—*which the proper remedy.* Trespass will not lie against a party for digging a ditch upon his own land, whereby water is thrown upon the land of the plaintiff; the remedy in such case is by an action on the case, for consequential damages.

WRIT OF ERROR, to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. C<span>LARK</span> & C<span>HRISTIAN</span>, for the plaintiff in error.

Messrs. I<span>NGERSOLL</span>, P<span>UTERBAUGH</span> & C<span>ASSELL</span>, for the defendants in error.

Mr. C<span>HIEF</span> J<span>USTICE</span> W<span>ALKER</span> delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, brought by George Winkler, in the Woodford Circuit Court, against Mary Meister, George Meister and Adam Meister, to recover compensation for injury sustained, by digging a ditch on his land, which flowed water from their land over his. The declaration contained six counts, stating the trespass in different modes. Defendants filed the general issue; a plea of license; a plea of the statute of limitations; and a plea that George and Adam Meister were minors. Replications were filed traversing the averments of these several pleas, and issue to the country was joined. A trial was afterward had resulting in a verdict in favor of defendants. A motion for a new trial was entered and overruled, and judgment rendered on the verdict. The case is brought to this court on a writ of error, for the purpose of reversing the judgment.

It appears that plaintiff in error, and the father of defendants in error, eight or ten years before this difficulty originated, were unable to agree, so as to have a common division fence between their fields. Each, at that time, removed their respective fences a few feet back from the line, thus leaving a narrow lane or passage between them. It also appears that the ditch, for the digging of which this suit was brought, was dug in this passway, each party claiming the land on which it was dug. Several witnesses state that it was on the land of plaintiff in error, but a witness on the part of defendants in error, testified that plaintiff in error had never claimed the land until after the digging of the ditch, and a survey was subsequently made. It will be observed that plaintiff in error introduced no document-

ary evidence, to prove title, or even a deed in connection with his possession to show the boundary of his actual possession. Nor did he introduce the survey, field notes or plat to show that the trespass was on the land that he claimed.

Possession may be proved by inclosure when it is only co-extensive with the inclosure; or by showing paramount title, which draws to it the possession, in contemplation of law, to the boundary lines of the tract if it is unoccupied by another. Or it may be shown by proving actual occupancy of a portion of the tract, with a deed under which the possession is held, and in such a case the deed proves or explains the possession as extending to the lines called for by the deed. But a party by showing that he is in possession of a portion of a legal division or subdivision of land, does not prove possession of the whole tract. And it makes no difference whether the claim is for the entire tract or only a portion.

To recover for a trespass to real estate, the plaintiff must show that the portion upon which the wrongful act was committed was in his inclosure, or that he had the paramount title if it was vacant, or that he was in the actual possession of a part under a deed for the whole, embracing the part upon which the act was committed. In this case plaintiff neither showed actual possession, paramount title nor a possession of part with a deed for the whole. The place where the act complained of was committed was outside of his inclosure, nor did he prove that it belonged to him, or that he was in the constructive possession of that portion. He called a chainman who was employed in making the survey of a line between the two quarters, but whether it was the true boundary between the two tracts, or was intended as such, he does not pretend to know. He said he knew nothing about surveying. Plaintiff should, if he resided on the tract, or had an actual occupancy of a part of it, and the portion in dispute belonged to it, have produced the deed or patent under which he claimed, and then proved, by the surveyor or plat of the survey, that it was a part of the land embraced in his deed. Failing to do so, he had no right to recover in this form of action.

If defendants dug the ditch on their own land, or that of any one else than plaintiff, he could not recover for flowing water on his land in this form of action. If liable at all in such a case, it would be in an action on the case for consequential damages, and not in trespass. We perceive no error in the record for which the judgment should be reversed, and it is therefore affirmed.

*Judgment affirmed.*