Williams v. Shade.

GEORGE M. WILLIAMS
V.
SARAH SHADE.

1. SUIT FOR INJURY TO LAND.—The court is of opinion that the case made by the evidence did not entitle appellee to the judgment she recovered. For at the time the cattle were permitted to run in the stalk fields and do the injury complained of by appellee, appellant was the owner of the premises in fee and entitled to the possession of the same, and appellee could not maintain trespass or case nor an action before a justice of the peace for injury to real property under the statute, since it was not her property when injured, if injured.

2. PROMISE WITHOUT CONSIDERATION.—If appellant promised to leave the place in as good condition as it then was, the promise was made after the bond for a deed was executed and the trade consummated and was therefore without consideration.

VOL. XIII. 22

APPEAL from the County Court of Moultrie county; the Hon. J. MEEKER, Judge, presiding. Opinion filed June 27, 1883.

Mr. H. M. MINOR, for appellant.

Messrs. COCHRAN & HARBAUGH, for appellee; that appellee could maintain this action, cited Tapping v. Evans, 58 Ill. 209; Cooper v. Randall, 59 Ill. 317.

Where the proceedings are regular, this court will not grant a new trial simply because the verdict is against the evidence: Wickersham v. The People, 1 Scam. 128.

DAVIS, J. Appellee sued appellant before a justice of the peace, and the case was taken by appeal to the County Court of Moultrie county, in which court appellee obtained a judgment for five dollars.

The case now comes to this court by appeal, and the facts disclosed by the record are, that about the first day of November, 1881, appellee contracted with appellant for the purchase of his farm for the sum of three thousand dollars. She paid in cash five hundred dollars, and for the balance executed her note to appellant, payable on the first day of March, 1882.

At the same time appellant executed his bond to appellee, conditioned that on the payment of such note, on or before maturity, he would convey to her, by a good and sufficient deed, the land so purchased by her.

On the 27th of February, 1882, the money was paid by appellee, and on the same day appellant conveyed the land to her.

By agreement of the parties, appellant was to have possession of the land until March 1, 1882, and under such agreement he remained in possession until after the injury complained of.

In November, 1881, appellant sold about twenty-five acres of stalks grown upon the premises, and the purchasers turned in cattle upon them and fed them out during the early part of December, and while the cattle were in the field the ground was part of the time soft and muddy.

This suit was brought by appellee to recover damages for injury done by the cattle in tramping the ground while feeding on the stalks.

We do not think the case made by the evidence entitled appellee to the judgment she recovered. At the time the cattle were permitted to run in the stalk field, appellant was the owner of the premises in fee, and was entitled to the possession of the same. He had the right to sell the stalks and permit the purchaser to pasture them. Appellee not being the owner or in the possession of the premises, could not maintain trespass or case: Winkler v. Meister, 40 Ill. 349; Dean v. Comstock, 32 Ill. 173.

Nor could she maintain an action before a justice of the peace to recover damages for injury to real property, under the statute, for it was not her property when injured, if injured.

If there was any promise by appellant to leave the place in as good condition as it then was, which is disputed, it was made after the bond for a deed was executed and the trade consummated, and was therefore without consideration.

For these reasons the judgment must be reversed.

Judgment reversed.