YELLOW RIVER RAILROAD CO., APPELLANT, VS. H.
P. HARRIS, APPELLEE.

TRESPASS—RECEIVER'S RECEIPT AS EVIDENCE OF TITLE—PLAINTIFF
MUST OWN OR POSSESS THE LAND AT THE TIME OF TRESPASS TO MAIN-
TAIN THE ACTION.

1. The puprose of the United States government in having the re-
ceivers of its public land offices to issue receipts to purchasers
and entrymen of the public lands is, that such receipts should
serve as *evidence*, at least, of the fact that the party to whom
it is issued has made entry upon or purchased the land de-
scribed therein, by the consent of the government through its
proper agents, and that he is entitled, by virtue of such pur-
chase or entry, to the possession and control thereof. As evi-
dence of the fact of *purchase or entry* of the land embranced
therein, and of the party's right to possess and control the
same, such receipts, as a general rule, are admissible in any
suit in which the entryman's right to the possession of the
land becomes involved as a material issue. Section 9, page 514
of McClellan's Digest, that was in force at the trial of this cause,
however, expressly made such receipts evidence in trespass and
all other causes in which the title to the land was involved,
but provided that, as a prerequisite to their admission, the
party offering them must first make oath in writing that he
has been unable to procure a patent for the land in time for the
trial, and should further furnish the evidence or a certificate
under seal from the general land office showing the reason why
the patent had not issued, and that there existed no reason why
it should not issue at the proper time.

2. There is nothing in the character of receipts for land issued by
the receivers of the United States Land Offices that makes
them self-verifying or self-identifying, and where a party
offers such a receipt in evidence for any purpose, the burden
is upon him to show by competent proof that the paper he of-
fers in evidence, as being a receiver's receipt was *in fact* issued
and signed by the officer purporting to have issued and signed
the same.

3. Where lands are trespassed upon, a party to be entitled to sue and
recover for such trespass must have been the owner, or in pos-

25

session of the land, *at the time of trespass.* If he does not ac-
quire any ownership over, or possession of, the land until *after
the acts of trespass,* then, it is well-settled. he can not recover
damages for such trespass. And it behooves the plaintiff in
such cases to show that *at the time of the alleged trespass* he
was either the owner of the land trespassed upon, or else in the
actual possession thereof.

Appeal from the circuit court for Walton county.

The facts in the case are stated in the opinion of the
Court.

*Blount & Blount* and *Daniel Campbell,* for Ap-
pellant.

*D. L. McKnnon,* for Appellee.

TAYLOR, J.:

The appellee sued the appellant in the Circuit Court
of Walton county in an action of trespass upon land
for locating its railroad over his land, and recovered
judgment for $200, from which judgment this appeal
is taken.

The defendant pleaded the general issue and a spe-
cial denial of the ownership of the premises by the
plaintiff.

At the trial the plaintiff, to prove his ownership of
the land trespassed upon, offered in evidence what
purported to be a final receipt of the receiver of the
United States Land Office at Gainesville, Florida,
wherein the receipt of the sum of four dollars is ac-
knowledged as being the balance of payment required
by law for the entry of the land alleged to have been
trespassed upon. The defendant objected to its intro-
duction in evidence upon the grounds: (1) that it was
not admissible under our statute except in cases of

ejectment; (2) because it was not evidenced by any seal of office; and (3) that there was no evidence that it was in the handwriting of the officer purporting to have signed the same. These objections were all over-ruled and the receipt admitted in evidence, to which due exception was taken, and this ruling is assigned as error.

The first objection to the introduction of this paper is without merit. The various acts of Congress, and the rules and regulations of the Interior Department of the Federal government, under authority of law, making provisions for the settlement and acquirement of homes from the public domain, provide for the issu-ance to the settler of a receipt by the receiver of the land offices where such entries are made, which receipts are required to designate the particular tract settled upon by its accurate governmental description; and such receipts, though not designed to be an actual title to the land embraced therein, are intended, from the incipiency of the entry to its final culmination in a patent, to be evidence of the entrymen's *right to possess and control* the particular land convered thereby; and, independently of any statute on the subject, from the prime purpose of the law in providing for the issuance of such receipts to settlers upon the public domain, we think that they are admissible in evidence, when properly identified, in any cause in which the settler's right to the land embraced therein or to the possession thereof is called in question, particularly so in any suit brought for the redress of any interfer-ence with his occupancy and possession of the land, such as the one here for a trespass on any part thereof. In Ellisworth, M. N. & S. E. Ry. Co. vs. Gates, 41 Kansas, 574, 21 Pac. Rep. 632, it was held that a set-tler upon public land who has made a valid homestead

entry, and is in possession perfecting his title, can re-- cover full value for all injury done to his possession where a part of his homestead has been taken for a railway right of-way. Such receiver's receipts are evidence, at least, of the fact, that the party to whom it is issued has made entry upon the land described therein by the consent of the government through its proper agents, and is entitled, by virtue of such entry, to the possession of such land, and as evidence of the fact of his entry become admissible in evidence in any suit in which his right to the possession of the land becomes involved as a material issue. But, aside from this general rule upon the subject, at the time this cause was tried Section 9, page 514 of McClellan's Digest, was in full force, that expressly provides that such receiver's receipt should be *prima facie* evidence of the party's title to the land embraced therein in all actions of ejectment, trespass *quare clausum fregit*, or other cases involving title to lands purchased from the United States; *Provided, however*, That the party offering such receipt in evidence should first make oatų in writing that he has been unable to obtain a patent for said land in time for the trial of said cause; and should further exhibit the evidence or a certificate under seal from the general land office, showing the reason why the patent had not issued, and that there was no reason why the patent should not issue at the proper time. The omission of the plaintiff to lay the ground-work for the admission of his receiver's receipt, by making the oath and furnishing the evidence from the general land office as to the non-issuance of the patent, prescribing in the above proviso to this statute, was not urged as an objection to its introduction, but so long as this statute was in force the receipt was not admissible until the foundation for its admission was

first laid as prescribed in the above proviso. This statutory foundation not having been laid, the court erred in admitting the receipt in proof without it, unless it can be said that the defendant waived this objection by not urging it.

The second ground of objection to the admission of such receipt is likewise without merit. We know of no law, or departmental rule or regulation that requires such receipts to be under seal of any kind in order to give them validity.

The third ground of objection to the introduction of such receipt was well taken. While such receipts, when properly identified and shown to be genuine, and the proper groundwork laid for their admission, were admissible in such cases, as evidence of the holder's right to the possession and control of the land covered thereby, yet there is nothing in the law providing for their issuance, that makes them self-verifying or self-identifying, and where a party relies upon such a receipt in any cause as evidence of the fact of his entry of the land embraced therein, or as evidence for any purpose, the burden is upon him to show by competent proof that the paper he offers in evidence as being a receiver's receipt was *in fact* issued and signed by the officer purporting to have signed the same. Were the rule otherwise, a forged receipt in proper form might be fraudulently made to answer the same purpose as the genuine article. Although such proof of identification and of proper execution was demanded by the defendant in this cause, the receipt here was admitted without it. This was error. The receipt should have been excluded from evidence until the plaintiff identified it by proper proof that it was in fact issued and signed by the Receiver of the United States Land Office.

The overruling of the defendant's motion for a new trial is assigned also as error. The ground of the motion insisted upon is, that there was no proper evidence to support the verdict. The only evidence offered by the plaintiff to establish his ownership over, or possession of, the major part of the land alleged to have been trespassed upon was the receiver's receipt mentioned above; and, as we have seen, that receipt was improperly admitted; without it there is no proof to sustain the verdict found. Besides this there is no proof to show whether the plaintiff had any interest in, or possession of, the land trespassed upon *at the time of the trespass*, or whether he acquired his interest therein and possession thereof subsequently to the trespass. If he did not acquire any ownership over, or possession of, the land trespassed upon until *after the acts of trespass*, then, it is well-settled, he can not recover in this form of action. Winkler vs. Meister, 40 Ill. 349; Bakersfield Cong. Society vs. Baker & Potter, 15 Vt. 119, S. C. 40 Am. Dec. 668; Chicago & Eastern Illinois R. R. Co. vs. Loeb, 118 Ill. 203, 8 N. E. Rep. 460; McGraw vs. Bookman, 3 Hill (S. C.), 265; Wheeler vs. Montefiore, 1 Gale & Davison, 493. It behooved the plaintiff to show that *at the time of the alleged trespass* he was either the owner of the land trespassed upon, or else in the actual possession thereof.

For the errors found, the judgment of the court below is reversed and a new trial ordered.