ROBERT J. KNIGHT, *Plaintiff in Error, v.* EMPIRE LAND COMPANY, A CORPORATION, *Defendant in Error.*

THE WORD "DIP" IN NAVAL STORES PARLANCE, DEFINED—STATUTORY DISCOVERY—SIMILITER—EVIDENCE—RELEVANCY OF —DEMURRER TO EVIDENCE—TRESPASS ON LANDS, WHO CAN RECOVER FOR.

1. In Florida, where the production of spirits of turpentine and rosin, otherwise known as "naval stores," constitutes

one of the leading industries, the courts will take judicial notice of the fact that such naval stores are the manufactured products of the gum extracted from pine trees that constitute the chief timber growing upon large areas of said state, and the *crude gum* so extracted, in its unmanufactured state, is popularly known as, and called, "dip" from the fact of its being collected by being *dipped* up from receptacles, called "boxes," cut into the growing pine trees near the ground.

2. Interrogatories seeking discovery under the provisions of Section 1534 General Statutes of 1906, (Section 1116 Rev. Stats.) are properly excluded: (1) When no person or persons are named therein to whom they are to be propounded. (2) When they seek to elicit testimony wholly irrevelant to any issue in the cause. (3) When they are merely of a fishing character and seek exclusively for the case or proofs of the opposing party. (4) When the party has postponed the proposing thereof until the actual trial of the cause has been commenced, and when the propounding thereof will necessitate a postponement of such trial, except in an extraordinary case of necessity imperatively required by the demands of justice between the parties being made clearly to appear, after the party had clearly freed himself from any suspicion of *laches* in not proposing such interrogatories sooner.

3. Where a defendant interposes the plea of the general issue, or other plea of like effect, that requires nothing more than the general *similiter* to complete a joinder of issue thereon, and goes into and through a full and final trial of the merits of the controversy embraced in the declaration and plea, without noticing the absence of such *similiter*, and without protest or objection to the trial because of its absence, he cannot afterwards avail himself of its absence as ground either for arrest of judgment, for new trial, or for reversal on appeal.

4. Evidence is properly excluded that has no relevancy to any issue in the cause.

5. A demurrer to evidence can be properly sustained only when there is no evidence for the plaintiff that authorizes any recovery whatsoever in his favor.

6. Where lands are trespassed upon, a party to be entitled to sue and recover for such trespass must have been the owner,

or in possession of such land *at the time of trespass.* If he does not acquire any ownership over, or possession of, the land until *after the acts of* trespass, he cannot recover damages therefor. And it is necessary in such cases for the plaintiff to show that *at the time of the alleged trespass* he was either the owner of the land trespassed upon, or else in the actual possession thereof.

This case was decided by the court *En Banc.*

Writ of Error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* and *H. M. Hampton,* for plaintiff in error;

*Hocker & Duval,* for defendant in error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, sued the plaintiff in error, hereinafter referred to as the defendant, in the circuit court of Citrus county for damages for the wrongful conversion of certain marketable products tortiously taken from the pine timber growing on certain lands of the plaintiff, and for trespass upon said lands and for damages for injury done to the growing timber upon said lands. The cause was referred to a referee for trial by consent of the parties and such trial resulted in a judgment against the defendant for the sum of $567.88 and costs, and the defendant brings this judgment here for review by writ of error. The declaration filed by the plaintiff in the case was as follows:

"Empire Land Company, a corporation under the laws of the state of New Jersey, by its attorneys Hocker & Duval, sues Robert J. Knight:

1st. For that the defendant upon divers days between the 15th day of January, 1904, and the 20th day

of December, 1904, in Citrus county, Florida, converted to his own use or wrongfully deprived the plaintiff of the use and possession of the plaintiff's goods, that is to say to-wit: 1,000 gallons of spirits of turpentine and 5,000 pounds of rosin of the value of, to-wit: $1,000.00; 200 bbls. of dip of the value of $1,000.00, and the plaintiff claims $2,000.00.

2nd. For that the plaintiff was on the 15th day of January, 1904, seized and possessed of the following described lands situate in Citrus county, Florida, to-wit: The nw¼ of the se¼ and the se¼ of the se¼ of section 30, that part of the n½ of section 32 lying west of the Withlacoochee river, all in township 17 south, range 20 east, and the w½ of the e½ and the ne¼ of the ne¼ of sec. 6, tp 18 south, range 20 east, and while the plaintiff was so seized and possessed of said lands the defendant on divers days between the 15th day of January, 1904, and the 20th day of December of said year, unlawfully and willfully and without the consent of the plaintiff entered upon said lands and unlawfully and willfully and without the consent of the plaintiff, boxed and chipped for turpentine purposes certain pine trees and saplings growing upon said lands, the property of the plaintiff, whereby the said pine timber was greatly damaged and injured and the plaintiff sustained great loss and injury, and the plaintiff claims $2,000.00

3rd. For that the plaintiff was on the 15th day of January, 1904, seized and possessed of the following described lands situate in Citrus county, Florida, to-wit: The nw¼ of the se¼ and the se¼ of the se¼ of section 30, that part of the n½ of section 32 lying west of the Withlacoochee river all in township 17 south. range 20; and the w½ of the e½ and the ne¼ of the ne¼ of sec. 6, tp. 18 south, range 20 east, and while the plaintiff was so seized and possessed of said lands the defendant, his agents, servants or employes between the 15th day of Jan-

uary, 1904, and the 20th day of December of said year, unlawfully and willfully and without the consent of the plaintiff, entered upon said land and unlawfully and willfully and without the consent of the plaintiff, boxed and chipped for turpentine purposes certain pine trees and saplings growing upon said lands, the property of the plaintiff, whereby the said pine timber was greatly damaged and injured and the plaintiff sustained great loss and injury, and the plaintiff claims $2,000.00."

To this declaration the defendant interposed the following demurrer: "Comes now the defendant in the above styled cause and demurs to the plaintiff's declaration herein, and for grounds of demurrer shows to the court:

1. That the said declaration is insufficient in law to be plead unto.

2. That in and by said first count the plaintiff has not set out with sufficient certainty the property alleged to have been converted to the defendant's use.

3. The first count of said declaration is framed in the alternate and attempts to set out two separate and distinct causes of action.

4. It is uncertain from said count what property it is claimed the defendant converted.

The defendant further demurs to the 2nd and 3rd counts of the said declaration, on the ground:

1. That the same cause of action is set out in both 2nd and 3rd counts of said declaration.

3. That both said 2nd and 3rd counts set forth two separate and distinct causes of action in the same county.

Wherefore defendant prays judgment of this court whether he will be required to plead to said declaration."

This demurrer was overruled and such ruling constitutes the first assignment of error.

The only contention here in support of this assignment is that the first count of the declaration in charging

that the defendant wrongfully converted to his own use of the plaintiff's goods "200 bbls. of dip of the value of $1,000," is vague and indefinite, and does not so describe what goods were so converted as to advise the defendant of what goods he is charged with converting. There is no merit in this contention.

In Florida, where the production of spirits of turpentine and rosin, otherwise known as "naval stores," constitutes one of the state's leading industries, the courts will take judicial notice of the fact that such naval stores are the manufactured products of the gum extracted from pine trees that constitute the chief timber growing upon large areas of our state, and that the crude gum so extracted, in its unmanufactured state, is popularly known as, and called "dip," from the fact of its being collected by being *dipped* up from receptacles, called "boxes," cut into the growing pine trees near the ground. So that when the defendant was charged in this declaration first with the conversion to his own use of 1,000 gallons of spirits of turpentine and 5,000 pounds of rosin and (secondly), with the conversion of 200 barrels of dip, there was no room left for doubt in the mind of the defendant, or in that of any other reasonable man, as to what commodity he was charged with the conversion of.

The second assignment of error is expressly abandoned here.

The defendant, during the trial of the cause, under the provisions of Section 1534 General Statutes of 1906 (Section 1116 Rev. Statutes.) filed certain interrogatories seeking discovery to be propounded to the officers of the plaintiff corporation, but upon objections by the plaintiff the referee ruled out such interrogatories, and refused to allow them to be propounded or answered. This ruling constitutes the third assignment of error. There was no error here. These interrogatories were properly excluded for several reasons: (1) No person

or persons are named therein to whom they were to be propounded. (2) The major part of them seek to discover who the real party in interest in the subject-matter of the suit was. No such issue being raised or presented in the case, such interrogatories were wholly irrelevant and immaterial. (3) The remainder of such interrogatories sought to require the plaintiff to state the number of trees upon its land that had been boxed for turpentine; and the number of barrels of dip or gum that had been taken therefrom; and for how long a time, and when, the trees on said land had been worked for turpentine, and by whom. All of these matters of inquiry constituted the plaintiff's case, to establish which and to recover damages for which was the object of its suit. In other words they were merely of a fishing character, and sought exclusively for the case of the plaintiff.

As was held in the case of Volusia County Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704, our statute providing for the propounding of interrogatories seeking discovery from the opposing party in a suit does not authorize the propounding of such interrogatories as seek exclusively for the case of the other side; or as are of a merely fishing character; or as are not reasonably relevant to the issue. (4) The interrogatories were not proposed to be propounded until after the actual trial of the case had begun and was in process. In order to stop and postpone the trial of a case actually entered upon, for the purpose of permitting a party under this statute to propound interrogatories to an absent witness, the party proposing to do so should clearly free himself from any suspicion of *laches* in not taking such action sooner, and should present an extraordinary case of necessity for such action, called for by the demands of justice between the parties. Otherwise the trial judge in his discretion may refuse the application.

The fourth and nineteenth assignments of error com-

plain of the referee proceeding with the trial and in his entry of judgment in the cause in the absence of a *similiter* or replication to the pleas of the defendant. The pleas filed by the defendant were purely negative concluding properly to the country, and required no special replication or other pleading to present a complete issue other than a mere *similiter*. The defendant entered upon the trial without noticing the absence of a *similiter*, and without raising any objections because of its absence, but sought to raise such objection only after full trial and after the referee had made his findings and after judgment thereon. This was too late. This court in the cases of St. Johns & H. R. Co. v. Shalley, 33 Fla. 397, 14 South. Rep. 890, and St. Johns & Halifax R. Co. v. Ransom, 33 Fla. 406, 14 South. Rep. 892, has held that: "Where a defendant interposes the plea of the general issue, that requires nothing more than a joinder of issue thereon, or the general *similiter*, to make the issue complete, and goes into and through a full and final trial of the merits of the controversy embraced in the declaration and plea, without noticing the absence of such *similiter*, and without protest or objection to the trial because of its absence, he cannot afterwards avail himself of its absence as ground either for arrest of judgment or for reversal upon appeal."

The fifth, sixth, seventh, eighth, ninth, tenth and eleventh assignments of error all complain of rulings of the court admitting divers questions to be propounded by the plaintiff to different witnesses over the objections of the defendant, and in the court's refusal to strike out, on the motion of the defendant, sundry answers of such witnesses. We have examined all of these rulings and considered them with care, and find that all of the evidence sought to be excluded by the objections and motions to strike was pertinent to the issues in the case, and tended to establish the plaintiff's claim, and was

otherwise competent and proper testimony, consequently none of said assignments are well taken.

The twelfth, thirteenth and fourteenth assignments of error are all predicated upon rulings of the court refusing to permit the defendant by divers questions to one of the plaintiff's witnesses to establish the fact that the plaintiff, either before or subsequent to the institution of this suit, had sold and assigned to the witness the subject-matter of the litigation, and that said plaintiff had no further interest in such litigation or its result. There was no error in the exclusion of any of this testimony. There was no such issue involved in the case, or presented by any of the pleadings, and all of the evidence thus sought to be introduced was wholly irrelevent and immaterial.

At the close of the plaintiff's testimony the defendant filed a demurrer to the evidence which was overruled by the referee and this ruling is assigned as the fifteenth error. There was no error here. The evidence demurred to was amply sufficient to entitle the plaintiff to a recovery of some damages, and, in a case like this, when the evidence so shows, a demurrer thereto does not lie, but lies only when there is no evidence for the plaintiff that authorizes any recovery whatsoever.

The defendant moved to dismiss the action because the same had abated by reason of the transfer, assignment and sale of the plaintiff's right pending the said action, but the referee denied such motion, and this ruling is assigned as the sixteenth error. As before stated in disposing of the twelfth, thirteenth and fourteenth assignments of error, there was no such question or issue in this cause as an assignment by the plaintiff of the cause of action, consequently any and all testimony bearing upon such question was wholly outside of the issues and irrelevant; but aside from this, as we have also before stated, our statute does not authorize the as-

signment of a cause of action arising purely out of a tort so as to permit the assignee to maintain such action in his own name, but, on the contrary, this court has expressly held that: "where lands are trespassed upon, a party to be entitled to sue and recover for such trespass must have been the owner, or in possession of the land *at the time of trespass.* If he does not acquire any ownership over, or possession of, the land until *after the acts of* trespass, then, it is well settled he cannot recover damages for such trespass. And it behooves the plaintiff in such cases to show that *at the time of the alleged trespass* he was either the owner of the land trespassed upon, or else in the actual possession thereof." Yellow River R. Co. v. Harris, 35 Fla. 385, 17 South. Rep. 568; Bruce v. S .A. L. Ry. Co., 52 Fla. 461, 41 South. Rep. 883. Though the plaintiff may have sold and conveyed the land subsequently to the tortious trespass of the defendant thereon, and subsequently to the institution of this suit for the recovery of damages for such trespass, and though, in the sale of the land it may have agreed, as part of the terms of such sale, to transfer to its vendee the amount of any recovery it might have adjudged to it in such suit, we fail to see any reason why this should relieve or absolve the defendant from further liability in damages for his tortious acts, or why it would abate the plaintiff's action

The seventeenth, eighteenth, twentieth and twenty-first assignments of error are predicated upon the findings of fact by the referee, and upon the denial of the defendant's motion for new trial, all of which in effect question the sufficiency of the evidence to support such findings and the judgment consequent thereon. We have carefully considered the evidence in the cause, and think that it amply supports and warrants the judgment rendered by the referee.

Finding no error the judgment of the court below in said cause is hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., COCKRELL, WHITFIELD and PARKHILL, JJ., concur;

HOCKER, J., disqualified.