M. L. VINCENT, ET AL., *Appellants*, v. WALKER D. HINES, UNITED STATES DIRECTOR-GENERAL OF RAILWAYS, AND SEABOARD AIR LINE RAILWAY, A CORPORATION, *Appellees*.

Opinion Filed April 21, 1920,

Petition for Rehearing Denied June 2, 1920.

1. When a deed of conveyance of real estate is executed as required by the statute of frauds, it operates under the statute of uses to vest title in the grantee, provided that livery of seizin can be lawfully made of the land at the time of the execution of the deed.

2. If a portion of land covered by a deed of conveyance is in the possession of another than the grantor at the time of the execution of the deed, title to the portion so adversely possessed does not pass to the grantee, though title to the portion not so adversely possessed may vest in the grantee.

3. Where lands are trespassed upon, a party to be entitled to sue and recover for such trespass must have been the owner, or in possession of such land *at the time of trespass*.

An Appeal from the Circuit Court for Polk County, John S. Edwards, Judge.

Decree affirmed.

*Hilton S. Hampton*, for Appellants;

*Knight, Thompson & Turner*, for Appellees.

WHITFIELD, J.—The bill of complaint herein is as follows:

"M. L. Vincent, J. H. Vincent, Wm. A. Hartline and Rosie C. Hartline, his wife, by their solicitor, Hilton S. Hampton, bring this their amended bill of complaint against Seaboard Air Line Railway, a corporation, and thereupon your orators complain and say:

"That on the 8th day of February, 1915, and prior thereto to-wit, on January 1, 1914, the said Wm. A. Hartline was the owner in fee simple of the following described premises lying in Polk County, Florida, to-wit: Begin 175 yards east of the N. W. corner of the S. W. ¼ of the N. W. ¼ of Section 13, Township 31 South, Range 25 East, run thence East 175 yards; thence South 140 yards; thence West 175 yards; thence 140 yards to point of beginning. That on said date by deed recorded in

Deed Book 139, page 76 the said Wm. A. Hartline, joined by his wife, Rosie C. Hartline, conveyed with full covenants of warranty the above described land to the complainant, M. L. Vincent and J. H. Vincent; that thereafter, to-wit, on November 14, 1917, the said J. H. Vincent conveyed by warranty deed his undivided interest in the foregoing property to the co-complainant, M. L. Vincent, which said deed is recorded in Deed Book 158, page 219.

"Your orators further represent that said lands are of great value to the complainant, the said M. L. Vincent, for various purposes; that the same is not only agricultural land, but contains a deposit of phosphate rock.

"Your orators further represent that prior to the filing of this bill of complaint, the defendant was a corporation doing business as a common carrier in Polk County, and some time in the year 1914, unlawfully and wrongfully entered upon the above described land, which was then and there in the possession of the then owner of the legal title, and did grevious wrongs and trespasses commit by wrongfully building and constructing its right of way and railway tracks upon and across the said land, the said tract of land in use by the defendant being approximately 100 feet in width, extending from North to South through said lands; that the exact date when the defendant wrongfully entered upon said land is unknown to your orators, and if it was occupying its right of way upon said lands at the time of the deed from the complainant Hartline and wife to M. L. Vincent, et al., and at the time the said premises were conveyed by the said J. H. Vincent to the complainant M. L. Vincent, such occupation and possession was unknown to either of the parties to this bill of complaint and was unknown to

the said J. H. Vincent; that said railway company has never compensated any person or persons for said land who had any interest therein, and has never compensated your orator for its use and possession of the same; that said railroad track and right of way greatly depreciate the market value of said land in that said right of way and track as now constructed runs approximately through the center of said land, destroying the value of the remainder thereof in that it cuts up and divides the same so it is less saleable and less profitable for any other purpose; that your orators have demanded of the said defendant that it vacate said land or pay to the present holder thereof, M. L. Vincent, who holds a warranty deed for said property, a reasonable compensation therefor, as well as compensation for the use thereof, but the defendant, though requested, has refused to vacate said land or to pay your orators a reasonable compensation therefor, and that the use of said land at the present time by the defendant is unlawful, wrongful and confiscation of said property without due process of law, and its use by the defendant has at all times been unlawful, as none of your orators have conveyed said land to the said defendant or have ever acquiesced in its occupation and use, but, on the contrary, as soon as your orators found out that said property had been taken as aforesaid, demand was made upon the defendant for a vacation of said property.

"The premises considered, your orators pray:

"1st. That the said Seaboard Air Line Railway, a corporation who is made party defendant to this bill, may be decreed to answer the same but answer under oath being hereby waived.

"2nd. That this honorable court will fix a reasonable time within which the defendant, if it sees fit, may commence condemnation proceedings for the purpose of condemning the land of your orator, M. L. Vincent, for its use, and pay your orator therefor; that in default of such proceedings and payment, that the defendant may be restrained and enjoined from using your orators' land as set forth herein, and from interfering with your orator in restoring his lands to the condition in which they were previous to the tracks and rights of way being placed thereon, or if it is not meet and proper that the foregoing relief be granted, then that this court will by proper direction ascertain the amount of compensation your orators are entitled to for the taking of said property in the manner fixed by the Constitution and Laws of Florida; that the amount thereof be decreed to be a lien upon the property so taken, together with the improvements placed thereon, and in default of payment of same within the time fixed by the court, that the land so taken and the improvements thereon be sold to satisfy said lien under said decree.

"3rd. That your orator may have such other and further relief in the premises as may be agreeable to equity, and as the circumstances of this case shall warrant.

"4th. That a writ of subpoena do issue directed to the said defendant Seaboard Ail Line Railway, a corporation, commanding it on a day and under a penalty to be therein limited, to be and appear before this honorable court, full, true and perfect answer to make to all and singular the allegations in this bill contained, and to stand to, abide and perform such other and further order in the premises as may be proper.

Hilton S. Hampton, Solicitor for Complainant."

A demurrer was filed on the following grounds:

"1.    Because said amended bill shows on its face that M. L. Vincent, one of the complainants, is now the owner of the land mentioned in the bill of complaint, subject to the easement and rights of the defendant, and that he acquired his title in said land subsequently to the time when the defendant was actually occupying and using its right of way across said land, and, therefore, said M. L. Vincent acquired his title subject to the rights of the defendant.

"2.    Because said amended bill of complaint shows on its face that the complainant William A. Hartline was the sole owner of said property at the time the defendant entered thereon and constructed its railroad and right of way, and that subsequently to the entry of said land and the construction and operation of the right of way said William A. Hartline and wife conveyed said property to M. L. Vincent and J. H. Vincent, and that subsequently to said conveyance said J. H. Vincent conveyed his interest in the land to M. L. Vincent, during all of which time said railroad company was in possession of its right of way, actually occupying and using the same;

"3.    Because said amended bill of complaint shows upon its face that none of the complainants have any interest in the land except M. L. Vincent, who acquired his title therein subject to the rights of the defendant, for the reason that the defendant was in possession of and actually occupying a portion of said land as its right of way at the time said M. L. Vincent acquired his title thereto, and the right to institute suit against this defendant, if any right existed, was vested in the owner of the land at the time of the entry thereon by this de-

fendant, and said owner having parted with his title to said land, as shown by the amended bill of complaint, none of the complainants have any right as against this defendant on account of the possession, occupancy and use of its right of way across the lands described in the amended bill of complaint;

"4.   Because said amended bill of complaint shows upon its face that the complainants, J. H. Vincent, William A. Hartline and Rosie C. Hartline, his wife, have no right, title or interest whatsoever in said property and are improperly joined as parties complainant in said suit;

"5.   Because said amended bill of complaint fails to properly and accurately describe the property alleged to be occupied by this defendant as a right of way.

"6.   Because there is no equity in said amended bill."

By agreement the United States Director-General of Railways was made a party defendant.

The following decree was rendered by the Chancellor:

"The foregoing demurrer coming on to be heard, upon argument of counsel, same is hereby sustained, and the bill herein is hereby dismissed. Complainant excepts. Done this Jan. 29, 1919.

John S. Edwards, Judge."

An appeal was taken by the complainants under a caption of "M. L. Vincent, et al." This appeal is in effect by M. L. Vincent alone and would be fatally defective if M. L. Vincent alone has not a right to appeal from the decree rendered. State, ex rel., Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Continental Nat. Building & Loan

Ass'n. v. Miller, 41 Fla. 418, 26 South. Rep. 725; National Bank of Lancaster v. Newheart, 41 Fla. 470, 27 South. Rep. 297; Lowe v. DeLaney, 54 Fla. 480, 44 South. Rep. 710.

Assuming that M. L. Vincent alone may properly take an appeal in this case, a consideration of the merits require an affirmance of the decree.

When a deed of conveyance of real estate is executed as required by the statute of frauds, Section 2448 General Statutes 1906, Compiled Laws, 1914, it operates under the statute of usees to vest title in the grantee, provided that livery of seizin can be lawfully made of the land at the time of the execution of the deed. Sec. 2455, Gen. Stats. 1906, Compiled Laws, 1914; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; Parken v. Safford, 48 Fla. 290, 37 South. Rep. 567. And livery of seizin cannot be lawfully made if at the execution of the deed, the land is in the adverse possession of another than the grantor. If a portion of land covered by a deed of conveyance is in the possession of another than the grantor at the time of the execution of the deed, title to the portion so adversely possessed does not pass to the grantee, though title to the portion not so adversely possessed may vest in the grantee.

The allegations of the bill of complaint clearly show that at the time of the alleged trespass upon the land in 1914 the title thereto was in Hartline and that the complainant acquired title to a half interest in the land in 1915, and acquired the entire interest in 1917.

Where lands are trespassed upon, a party to be entitled to sue and recover for such trespass must have been the owner, or in possession of such land *at the time of*

*trespass.* If he does not acquire any ownership over, or possession of, the land until *after the acts of* trespass, he cannot recover damages therefor. And it is necessary in such cases for the plaintiff to show that *at the time of the alleged trespass* he was either the owner of the land trespassed upon, or else in the actual possession thereof. Knight v. Empire Land Co., 55 Fla. 301, 45 South. Rep. 1025; Bruce v. Seaboard Air Line R. Co., 52 Fla. 461, 41 South. Rep. 883; Yellow River R. Co. v. Harris, 35 Fla. 385, 17 South. Rep. 568.

The plaintiff must show a right to maintain an action for trespass to land by showing title to or possession of the land.

Even if the right of action for a trespass may be assigned, there is no assignment shown.

This suit is brought upon the theory that the complainants may waive the tort and assume the relation of vendors to the defendant company so as to recover compensation, under the decision in Florida Southern R. Co. v. Hill, 40 Fla. 1, 23 South. Rep. 566. But M. L. Vincent, the only appellant, was not the owner of the land or in lawful possession of it when the tortious trespass sought to be waived, was committed. A waiver of the tort by M. L. Vincent involves an assignment of a right as to it by the owner of the land at the time of the trespass. The decision in the Hill case *supra,* if consistent with the organic right to a jury trial, is not applicable here for the benefit of M. L. Vincent, the only appellant, since he has no right of action for the trespass complained of.

If a portion of the land was in the actual adverse possession of the defendant when the conveyances of the

land were made to the appellant, he took his title subject to the adverse possession, whether he actually knew of such possession or not. And ordinary warranties may not cover the land upon which the road is built. See Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 South. Rep. 381.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.