JOSEPH W. SCOTT, JR., WARREN F. SCOTT, JOHN MURDOCK SCOTT, CLARENCE SCOTT, EMMA W. SCOTT, ALEXINA E. HAZELTON, AND FRANK N. HAZELTON, HER HUSBAND, *Plaintiffs in Error*, v. MARGARET C. FAIRLIE, JOHN ARCHIBALD FAIRLIE, ANDREW MILLER FAIRLIE, AGNES EDMUND RICKETTS AND ROBERT RICKETTS, HER HUSBAND, *Defendants in Error*.

On Petition for Rehearing.

1. By the common law a married woman had no power to convey her land and a deed of conveyance by her was generally deemed to be a nullity.

2. "At a remote period therefore it came to be the settled law of England that a married woman might *convey* lands and interests therein by means of the *collusive suit* known as a 'fine,' and, later, by means of a '*common recovery*,' wherein the intending purchaser, upon a pretense of a superior title, would bring an action *against the husband and wife jointly*, laying claim to the land proposed to be sold." 1 Minor on Real Property, Sec. 308.

3. In England and in the United States statutes have been enacted by which fines and common recoveries ceased, and the wife is authorized to convey her lands by deed supplemented by a judicial acknowledgment as provided for by such statutes.

4. By statute in this State conveyance by fine or by common recovery is forbidden.

5. In this State a married woman is authorized to sell, convey or mortgage real property owned by her in like manner as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage. But to render such sale, conveyance or mortgage valid to pass title to the property "she must acknowledge, before some officer authorized to take acknowledgments of deeds, separate and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements."

6. Conveyances duly executed in the manner required by statute operate under the statute of uses to vest title in the grantee, provided livery of seizin can be lawfully made of the lands conveyed at the time of the execution of the conveyance.

7. In this State a married woman's deed to real estate owned by her, duly executed as required by statute, in which her husband joins, plus her acknowledgment thereto separate and apart from her husband, duly authenticated as required by statute, operates under the statute of uses to convey her interest in the property.

Rehearing denied.

*L. S. Gaulden* and *R. E. Stillman,* for Plaintiffs in Error;

*Cockrell & Cockrell,* for Defendants in Error.

WEST, J.—In a petition by defendants in error for rehearing it is asserted that the court overlooked the fact that the life tenant of the property involved in this suit was a married woman and that therefore the rule announced with respect to the operative force of the conveyance does not obtain.

By the common law of England a married woman had no power to convey her land and a deed of conveyance by her was generally deemed to be a mere nullity. Therefore, "in England the wife used to pass her freehold estate by a fine; and this and a common law recovery were the only ways in which she could, at common law, convey her real estate." I Bishop on the Law of Married Women, Sec. 586; 2 Kent's Commentaries, p. 188, 1 Minor on Real Property, Sec. 308; 1 Jones on the Law of Real Property in Conveyancing, Sec 36.

In England and in the United States, statutes have been enacted by which "fines and recoveries ceased, and the wife was authorized to convey her lands by deed supplemented by a judicial acknowledgment, as particularly pointed out by the statute." I Bishop on the Law of Married Women, Sec. 587; 1 Minor on Real Property, Sec. 308; 1 Jones on the Law of Real Property in Conveyancing, Sec. 37.

By statute in this State conveyance by fine or by common recovery is forbidden (Sec. 3794, Revised Gen. Stats.

of Florida, 1920) and a married woman is authorized to sell, convey or mortgage real property owned by her in like manner as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage (Sec. 3801, Revised Gen. Stats. of Florida, 1920). But to render such sale, conveyance or mortgage valid to pass title to the property "she must acknowledge, before some officer authorized to take acknowledgments of deeds, separate and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements" (Sec. 3803, Revised Gen. Stats. of Florida, 1920).

Conveyances duly executed in the manner required by statute (Sec. 3787, Revised Gen. Stats, of Florida, 1920) operate under the statute of uses to vest title in the grantee provided livery of seizin can be lawfully made of the lands conveyed at the time of the execution of the conveyance (Sec. 3795, Revised Gen. Stats. of Florida, 1920). Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; Parken v. Safford, 48 Fla. 290, 37 South. Rep. 567; Vincent v. Hines, 79 Fla. 564, 84 South. Rep. 614; 1 Tiffany on Real Property, Sec. 99; 1 Perry on Trusts. Sec. 299.

In this State a married woman's deed to real estate owned by her, duly executed as required by statute, in which her husband joins, plus her acknowledgment thereto separate and apart from her husband duly authenticated as required by statute, which is a substitute for the proceeding at common law by fine and recovery (Hart v. Sanderson, 18 Fla. 103; Bank of Jennings v. Jennings et al., 71 Fla. 145, 71 South. Rep. 31; Shad v. Smith, 74

Fla. 324, 76 South. Rep. 897) operates under the statute of uses to convey her interest in the property. The deed, when duly executed and acknowledged, not the statutory acknowledgment, operates as the conveyance.

Even if J. W. Scott, Jr., is estopped by the mortgage and deed to which he was a party, the other plaintiffs are not estopped, and the judgment being for defendants generally it had to be reversed.

Rehearing denied.

All concur.