O’CONNELL, STEPHEN C., Associate Judge.
Bon B. Enzor was plaintiff below in an action for trespass to his land. Defendants were the Okaloosa County Gas District and Alexander Potash & Sons, Inc. Defendants appeal the judgment entered against them consequent upon the jury’s verdict for plaintiff.
Plaintiff owned a tract of land with frontage of 350 feet along U. S. Highway 90 in Okaloosa County. There was on this property a large gully between plaintiff’s house and the highway. Plaintiff, two years prior to the alleged trespass, improved his property by filling in the gully and constructing an artificial lake. The lake was supplied with water by an artesian well and by natural drainage. It was retained on its south side, along the highway frontage, by a dam consisting simply of a dirt wall or bank, created by the filling in of the gully.
Plaintiff complains that in 1955 the defendants dug alongside the highway and *407 on his property a trench in which they laid a gas line. Also, he claims that in the construction of said trench the defendants operated, backed, parked and ran on his property heavy machinery and equipment. These trespasses, plaintiff argues, caused the subsoil of his lake to shift in such a way that the lake was virtually drained, his contention being that the jarring by the machinery and equipment caused the soil to become porous or loose so that the lake water drained through the sides of the lake and through the dam into the trench and thus away from the lake bed.
At the trial it was shown that the trench was dug 67 feet north from the center line of the highway, towards plaintiff’s land. Plaintiff’s deed to his land described his southern boundary as being “along North side said highway 350 feet”.
Defendants’ answer denied entering upon plaintiff’s land, digging a trench thereon or running or parking machinery thereon.
Plaintiff attempted to testify as to the extent of the right-of-way owned by the State in front of his property. He was asked about markers which indicated the total right-of-way was 200'. By his testimony he attempted to assert it was only 100'. The court, however, ruled that the plaintiff was incompetent to testify as to the location of the boundary of his property. No evidence was produced from which the jury could ascertain the boundary.
When the jury retired from the courtroom at the conclusion of the plaintiff’s case, the defendants moved the court to instruct a verdict for the defendants. Argument was had on the motion whereupon the court announced:
“ * * * I think the pivotal question involved here, the one that causes the Court some concern, is the question of the boundaries of the property. The testimony, while not overwhelming, strongly tends to prove that the ditch for the gas line was dug on the plaintiff’s property. There is no evidence to the contrary, so far as the Court recollects. There is no evidence as to the actual amount of the right-of-way, whether vested in the State Road Department for a highway or highway purposes in fee simple or as an easement. In the absence of any evidence of the width of the right-of-way, I think the jury would be entitled under the testimony here to determine that the gas line was laid and the ditch dug on the property of the plaintiff * *
Defendant’s motion for instructed verdict was denied. Whereupon they elected to not offer any evidence and the case was submitted to the jury on plaintiff’s proof alone. The jury returned a verdict for the plaintiff and the defendants then moved for judgment notwithstanding the verdict, or in the alternative for new trial. In this motion it was alleged the right-of-way was 20O', and an affidavit to that effect by the District Engineer of the State Road Department was attached. This motion also was denied.
On their appeal defendants argue that in an action for trespass an essential element of plaintiff’s case is proof that his boundary was violated. Their position is that there was not adequate evidence before the jury upon which it could have decided there was a trespass.
It is fundamental that in order for a party to sue and recover for trespass to his land he must prove that he was the owner or in possession of such land at the time of the trespass. Knight v. Empire Land Co., 1908, 55 Fla. 301, 45 So. 1025; Vincent v. Hines, 1920, 79 Fla. 564, 84 So. 614. To prove that his land has been invaded, he must of necessity prove the location of the boundary or boundaries of the land in relation to the location of the acts of trespass complained of. Plaintiff failed to do this.
We cannot agree with the trial judge in his ruling that since there was no *408 evidence of the width of the right-of-way the jury would be entitled from the testimony before it to determine that there was a trespass upon plaintiff’s property, for plaintiff had the burden of proving that the defendants trespassed upon land owned by or held in his possession and he failed to do so.
Accordingly the judgment of the lower court is reversed for a new trial.
STURGIS, C. J., and WIGGINTON, J., concur.