LAWRENCE, Judge.
Donald Strickland and Nova Jane Strickland (the Stricklands) sued Calvin T. Hutch-ins and Evangeline B. Hutchins (the Hutch-inses) for trespass on their Okaloosa County property after Mr. Hutchins, at some unspecified time in 1993, removed a fence, alleged by the Stricklands to constitute a common boundary between their properties. The trial court found that a boundary by acquiescence existed between the parties’ properties. We reverse.
At trial, the principal issue to be determined was the location of the common boundary line between lands owned by the Stricklands and lands owned by the Hutch-inses. The additional issues (trespass, damages, etc.) hinged upon resolution of the boundary issue.
The Stricklands bought thirty-five acres in 1979, described as: SE}4 of NWJ4 of Section 3, Township 5 North, Range 22 West, less five acres square in the northwest corner thereof. The Stricklands sold the south 455 feet of this parcel on December 2, 1983, to Burl Reeves and his wife Bernice Reeves (Hutchinses’ parcel). The Reeves subsequently sold this parcel to Lorez Reeves, the date of which is not clear from the record. The Hutchinses acquired this parcel from Lorez Reeves on November 11,1988.
Burl Reeves, during the time of his ownership, erected a fence somewhere in the vicinity of the northern boundary of the Hutchins-es’ parcel. He was unaware of any survey having been made, but erected a fence in order to permit cattle to graze on the parcel. The fence was erected as close as possible to where he thought the correct boundary line was located. However, because of the uncertainty, he entered into a written agreement[1] with the Stricklands, the substance of which was that in the event an accurate survey was subsequently performed, the fence would be moved to a point consistent with the survey.. In 1993, Calvin Hutchins removed this fence, procured a survey, and began erecting a new fence along the survey line. There is no evidence in the record reflecting an accurate location of the old fence, which the Striek- *872 lands claimed to constitute the boundary line. However, the parties testified as though the survey line was located a short distance north of the old fence, leaving a triangular sliver of land in dispute lying within the record title description of lands owned by the Hutchinses. This sliver of land had been occupied by the Stricklands until removal of the old fence, at which time the Hutchinses attempted to occupy and use the disputed area; this conduct gave rise to the Strick-lands’ claim of trespass by the Hutchinses.
This court many years ago restated the necessity of proving the location of the lands upon which a trespass is alleged:
It is fundamental that in order for a party to sue and recover for trespass to his land he must prove that he was the owner or in possession of such land at the time of the trespass. Knight v. Empire Land Co., 1908, 55 Fla. 301, 45 So. 1025; Vincent v. Hines, 1920, 79 Fla. 564, 84 So. 614. To prove that his land has been invaded, he must of necessity prove the location of the boundary or boundaries of the land in relation to the location of the acts of trespass complained of.
Okaloosa County Gas Dist. v. Enzor, 101 So.2d 406, 407 (Fla. 1st DCA 1958).
The rationale in this case is consistent with the holding by the supreme court that one of the elements of proof required to establish an easement or right of way by prescription or adverse possession is that the “limits, location, and extent of his occupation must be definitely and clearly established by affirmative proof.” Downing v. Bird, 100 So.2d 57, 64 (Fla.1958).
The Hutchinses argue that the Stricklands failed to prove the boundaries of the land in relation to the location of the acts of trespass of which they complain. We agree.
The Stricklands alleged in their complaint that the Hutchinses trespassed on their lands, described as: SE% of NW% less 5 acres in a square in the northwest corner, of Section 3, Township 5 North, Range 22 West, less the south 455 feet thereof. The Strick-lands hold record title to this parcel and their title was not disputed by the Hutchinses. The burden was upon the Stricklands to prove that the fence removed by the Hutch-inses was located on lands owned by them. This they failed to do because the location of the fence and a description of the sliver of disputed land was never proven. • A qualified surveyor was called as a witness by the Hutchinses. A plat prepared by him of the two parcels owned by the parties and described in their respective deeds was duly admitted into evidence, but it did not show the location of the disputed fence which was removed or the disputed sliver of land; nor did the surveyor otherwise testify concerning its location. Apparently the parties were of the impression that the disputed fence was located some distance south of the southern boundary of the lands owned by the Strick-lands and described in their complaint. However, its specific location and the description of the disputed sliver of land is open to conjecture.
The Stricklands, apparently having determined that the alleged trespass was on lands outside of that to which they held record title, sought to establish that they had acquired title to a sliver of land adjoining their record title lands and extending to the disputed fence. However, they failed to allege this theory in their complaint, and the Hutch-inses properly objected during the course of the trial when evidence of this nature was admitted by the court. It was only several weeks after the trial and close of evidence, at the time of submission of written closing arguments, that the Stricklands moved to amend their pleadings to conform to the evidence. Whether the trial court erred in granting the motion is an issue which we need not decide, since we reverse on other grounds. The final order disposing of the case failed to describe the disputed lands or the location of the fence, and understandably so, since no proof was ever presented to the court.
The Hutchinses also contend that the Stricklands failed to sustain their burden of proof on the theory of boundary by acquiescence, in addition to the fatal flaw of failing to accurately describe the lands claimed. We agree. The law of boundary by acquiescence is set out in a recent opinion of this court:
Lands may be acquired through the conduct of adjacent property owners through equitable estoppel, under the principles of *873 boundary by agreement and boundary by acquiescence. The following elements are necessary to establish boundary by acquiescence: (1) a dispute or uncertainty as to the location of the true boundary, implying a cognizance by both parties that the true boundary is in doubt; (2) location of a boundary line by the parties; and (3) the continued occupancy of, and acquiescence to, a line other than the true boundary line for a period of more than seven years.
Shultz v. Johnson, 654 So.2d 567, 568 (Fla. 1st DCA 1995) (citation omitted).
The Stricklands failed to prove the second and third elements, by failing to accurately locate and establish the disputed fence and the disputed sliver of land upon which it was located, and by further failing to prove the required conduct for a period of more than seven years. Their position is further inconsistent with their agreement with the Hutch-inses’ predecessor in title to locate the fence on the record title boundary line as soon as it was established by an accurate survey.
Accordingly, we REVERSE the final order of the trial court and remand with directions that judgment be entered for the Hutchinses, subject only to the requirement that proper costs, if any, be taxed against the Strick-lands.
ERVIN and MINER, JJ., concur.

. The written agreement was burned in a house fire and not available at trial.