## EDWARD COYLE *vs.* WILLIAM CLEARY.

Bristol.  October 28, 1874.  COLT & AMES, JJ., absent.

Where the boundary line between adjacent lots of land is in dispute, evidence that a stone wall had stood between the lots for more than twenty years, and that the adjoining owners had occupied up to the wall and treated it as a division wall, is competent evidence of the true line, although the wall is not referred to as a monument in any deed.

TORT for breaking and entering the plaintiff's close in Taunton. Trial in the Superior Court before *Allen,* J., who allowed a bill of exceptions in substance as follows :

It appeared in evidence that Oliver Danforth formerly owned a large tract of land in Taunton, of which the tracts now owned by the plaintiff and defendant were a part. The land of the defendant was conveyed by Danforth in 1828 to Edward Phillips, through whom it came by mesne conveyances to the defendant in 1868. The description in each of these conveyances is as follows : " Beginning at a corner of a lot of land of William Hodges' on the northerly side of the road leading from said William Hodges' to widow Hannah Danforth's ; thence westerly by said road nine rods and six feet to a corner ; thence northerly nine rods to a corner ; thence *easterly eight rods ten and a half feet to land of said William Hodges,* a corner ; thence southerly nine rods to the first mentioned corner." The rest of the estate of Danforth, after his decease, came into the possession of two of his daughters, and that portion of it adjoining the land of the defendant to one of them, Nancy Stanley, who had it laid out into house lots ; one of which, next adjoining the land of the defendant on the north, was conveyed by her to Hugh Coyle and by him to the plaintiff. The description in these conveyances is as follows : " Beginning on said avenue at a corner of John Hughes' lot ; thence easterly 49 feet by Hughes' lot ; *thence easterly* 138 *feet by A. D. Hodges' lot to Robert S. Dean's lot ;* thence northerly by said Dean's land about 32 feet ; thence westerly by Abraham Briggs' lot 176 feet to said avenue ; thence southerly by said avenue 60 feet to the first corner."

The line in dispute is printed in italics in each of these descriptions.

It was also in evidence that, at the time these lots were laid out, there was and has been for thirty years or more a stone wall on the north side of Cleary's lot, described by the witness as an old wall, and there was evidence tending to show that it had been during that time recognized by the adjoining owners as a division wall.

The plaintiff, to prove his title, put in his deed, and also, as part of his case, the deed of the defendant and of his grantors; but contended nevertheless that this wall was to be considered a division fence between the adjoining owners, and offered evidence tending to prove that the defendant's fence was not on the line of the wall, but partly on his land; and this was the trespass complained of.

It was also in evidence that in 1870 the plaintiff took away the westerly half of said wall, and three years after erected a wooden fence in its place, and that the defendant afterward removed the other half and erected a similar fence on the easterly half, where it now stands.

The defendant also put in his deed and evidence tending to show that he had his lines run out by a surveyor according to his deed, and that he built his fence on the line and in the place indicated and directed by the surveyor, and that his fence as it then stood was wholly on his land and on the line of the old wall, which he contended was originally built wholly on his land, and that said wall had not been recognized by the adjoining owners as the true division line.

Upon this evidence, the defendant asked the judge to instruct the jury that the line described in his deed must be taken to be the true original line between it and the contiguous lot; that the wall not being referred to in any deed as a monument was only evidence of the direction of the line, and that the wall could not vary or control the line described in the deeds, unless the same had been established by mutual agreement of the adjoining owners, understood and acted upon by them for twenty years or more, or by prescription, or by a legal assignment under the statute. The judge declined to give such instructions, but ruled that the question was, what was the line described in the deed; that in determining that, the acts of the owners were competent, and if the wall had existed twenty years or more and the adjoining own-

ers had occupied up to said wall and treated it as a division wall, they might find that as the true line.

The jury returned a verdict for the plaintiff for $125, and the defendant alleged exceptions.

*S. R. Townsend*, for the defendant.

*W. H. Fox*, for the plaintiff, was not called upon.

BY THE COURT. The old wall and the occupation in accordance therewith, as existing when each party to this action acquired his title and for many years before, were rightly submitted to the jury as evidence of the true line between them. *Hathaway* v. *Evans*, 108 Mass. 267.                    *Exceptions overruled.*