## NATHANIEL K. JOHNSON vs. IRA G. BEAN.

Essex. Jan. 28, 1875. — Jan. 4, 1876. AMES, J., absent. ENDICOTT, J. did not sit.

On the trial of a writ of entry, the demandant claimed title to the land in question as part of a lot conveyed by A. to B., and by B. conveyed to him. At the time of each of these conveyances, the land demanded was separated from the rest of the land conveyed by a substantial fence extending across the rear of the lot. The tenant's dwelling-house stood upon it, and there was no fence between it and the tenant's adjoining lot in the rear, but the whole was used as one house lot in the exclusive and actual possession of the tenant, which was adverse, under a claim of title, open and notorious. The title which A. had in the premises was acquired by quitclaim deed from the tenant and by the foreclosure of a mortgage while in his hands, which had been assigned to him. At the time of the quitclaim deed, A. gave possession of the premises to the tenant under an agreement of purchase, which was soon given up, and possession was taken by A. of all except the strip of land in dispute. The mortgage was foreclosed before A.'s deed to B. *Held*, assuming that the deeds included in their descriptions the land in question, that the grantors in those deeds were disseised, and that nothing passed by them.

WRIT OF ENTRY to recover a parcel of land in Haverhill. Plea, *nul disseisin.* At the trial in the Superior Court, *Wilkinson*, J., ruled that the demandant could not maintain the action, directed the jury to return a verdict for the tenant, and reported the case for the consideration of this court. So much of the case as is material to the point decided appears in the opinion.

*J. W. Perry*, for the demandant.

*N. C. Berry*, for the tenant.

COLT, J.   The demandant claims title to the land in question as part of a lot conveyed to one Carlton by one Stowell, and by Carlton conveyed to him.   At the time of each of these conveyances, the land demanded was separated from the rest of the land conveyed by a substantial fence extending across the rear of the lot; the tenant's dwelling-house was in fact located upon it; and there was no fence between it and the tenant's adjoining lot in the rear, but the whole was used as one house lot, then in the exclusive and actual occupation and possession of the tenant.   This possession the case shows was adverse, and under a claim of title, it was open and notorious, and must be presumed to have been known to the rightful owner.   If it had continued for a sufficient time, it would have ripened into a good title by presumption of grant.   *Samuels* v. *Borrowscale*, 104 Mass. 207.   *Parker* v. *Proprietors of Locks & Canals*, 3 Met. 91, 100.   *Boston & Worcester Railroad* v. *Sparhawk*, 5 Met. 469.

The title which Stowell had in the premises was acquired, as it is claimed, by quitclaim deed from the tenant, and by the foreclosure of a mortgage while in his hands, which had been assigned to him.   For the purposes of this case, we assume, without deciding, that these deeds and the deeds under which the demandant claims title include the demanded premises in their several descriptions.   And yet the demandant fails to show title, because, at the time of the delivery of the deeds under which he claims, the grantors were disseised, and, by a familiar rule, no title passed.

It is no answer to this, that, at the time of the tenant's quitclaim deed to him, Stowell gave possession of the premises to him under an agreement of purchase; for the uncontradicted testimony in the case shows that this arrangement for a repurchase was soon given up and possession taken by Stowell of all except the strip of land in dispute.   The mortgage was foreclosed, and the alleged permissive character of the tenant's occupancy was terminated before Stowell's deed, which was a warranty deed, with full covenants of title.   The rule that a mortgagor or one claiming under him cannot disseise a mortgagee is not to be applied, because Stowell had then become absolute owner by an

indefeasible title, and it is well settled that a grantor may disseise a grantee. *Stearns* v. *Hendersass*, 9 Cush. 497. *Barry* v. *Adams*, 3 Allen, 493.

The disseisin on which the tenant relies derives its character from and was the necessary result of a mistake as to the bounds and effect of the several deeds; and although it would not be sufficient as against a mortgagee's title, or while a relation of tenancy existed, yet, when the mortgage title becomes absolute and the tenancy is ended, there is no reason why it should not be held effectual to defeat the title of the demandant.

For these reasons we see no ground for disturbing the ruling of the Superior Court.         *Judgment on the verdict*