### ABIGAIL P. B. RAWSON *vs.* LOUISA PUTNAM.
### SAME *vs.* WILLARD WARD.

Worcester. Oct. 3, 1879. — June 24, 1880. ENDICOTT & LORD, JJ., absent.

A tenant in a writ of entry, who claims under a deed from a disseisee, and who is in possession of the land at the time the writ is brought, may set up such title in defence; and the fact that his deed is merely one of quitclaim with limited covenants of warranty does not affect the case.

A disseisee who enters upon the land of which he is disseised and removes a fence therefrom, against the wishes of the disseisor, is liable to an action of trespass by the latter, although the entry is made without a breach of the peace, and the effect of it, followed by abandonment of possession by the disseisor, is to give to the disseisee a good title to the land.

COLT, J. These two cases grow out of a controversy about the same strip of land. The first is a real action, in which the tenant, by the deeds under which she claims, and apart from the question of disseisin, shows a good title to the land in dispute. There was evidence that, when the land was conveyed to the tenant by one Broad, and when it was conveyed to Broad by one Morse, both grantors were disseised by the demandant. The land in dispute was separated from the rest of the land so conveyed by a fence, and was occupied and used as a necessary part of two house-lots belonging to the demandant. The possession was open, and so far adverse that it would have

ripened into a good title by presumption of grant, if it had continued for a sufficient length of time. *Johnson* v. *Bean*, 119 Mass. 271. *Boston & Worcester Railroad* v. *Sparhawk*, 5 Met. 469. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1.

It was found by the court that, before this action was brought, the tenant, by her authorized agents, entered upon the land, moved back the fence, and thereby took possession of the same. But there was evidence that this was done against the remonstrance of the agent of the demandant.

The judge was asked to rule that, if the grantors in the deeds referred to were disseised when those deeds were made, then the tenant claiming under them could not, by an entry made against the remonstrance of the demandant, acquire a title which would defeat this action. This ruling was properly refused. By the form of her action, the demandant now admits that the tenant is in possession of the land demanded, claiming title; and, as between the two, the latter shows the better title to the same by deed.

A deed of land of which the grantor is disseised is not wholly void. It is good as between the parties, and it gives to the grantee the right to recover seisin and possession to his own use, in the name of the grantor. It is said that no title passes which will support a real action in the name of the grantee, or give him a right of entry against the disseisee, or those claiming under him. *Loud* v. *Darling*, 7 Allen, 205. *Dadmun* v. *Lamson*, 9 Allen, 85. And yet it is settled that, if the grantee obtains possession of the land, he can unite that possession to the title acquired by such a deed, and so, by way of estoppel and to prevent circuity of action, defeat a real action brought by the disseisor to recover the same. The disseisin is terminated by the entry and occupation of one who claims title by deed from the true owner, and not adversely, and the latter, as well as all those from whom by successive deeds the title is derived, are estopped by their several deeds to deny that title. The disseisor is permitted to dispute it only so long as his disseisin continues. *Cleaveland* v. *Flagg*, 4 Cush. 76. *Farnum* v. *Peterson*, 111 Mass. 148. *McMahan* v. *Bowe*, 114 Mass. 140. It is declared in the case last cited that the same result would follow when the disseisor

abandons his possession, because the abandonment enures to the benefit of the grantee, and gives him a seisin and a title valid against a stranger who subsequently disseises him.   And so, although the deed gives to the grantee no right of entry, because such right is not assignable at common law, yet if he enters and obtains possession, even against the wishes of the party in possession, the title is thereby made good against the latter, and cannot be disputed in an action which puts the title directly in issue.   In an action of trespass the grantee may indeed not be able to justify such entry.   But, as was said in *Wade* v. *Lindsey*, 6 Met. 407, it does not follow for that reason that he has no defence to a real action.   He does not by his tortious entry forfeit his right to recover possession in the name of the grantor; and, because he has this right, the demandant is not allowed to set up his claim in a real action against the tenant.   Nor does the fact that the deed under which the tenant immediately claims is a quitclaim deed with limited covenants affect this result.   The fact that the deed is effectual to convey a title good against the grantor, and to give the grantee a right of action in the grantor's name, is sufficient to create the estoppel.   It was so held in the case last cited, where the tenant claimed title by quitclaim deeds to three undivided quarter-parts of the land of which he was disseised.   See also *Sparhawk* v. *Bagg*, 16 Gray, 583; *Heard* v. *Hall*, 16 Pick. 457, 460 ; *Comstock* v. *Smith*, 13 Pick. 116, 120.

In the first case, therefore, the demandant has no just ground of exception to the rulings, refusals and finding of the court.

The other action is tort in the nature of trespass against Ward for entering upon the land in controversy and removing the fence, as the agent of Mrs. Putnam.   The judge, for the reasons above given, properly refused to rule that the plaintiff was not in possession of the premises in dispute by disseisin, and found, as a fact, that Mrs. Putnam was disseised at the time of the alleged trespass; and that the plaintiff was entitled to recover the damages assessed.

Until Mrs. Putnam had recovered possession by entry, and so made the deed to her effectual to pass a good title, she was a stranger, without right of entry against the plaintiff; and the entry of her agent, against the plaintiff's wishes, was a trespass for which the defendant is liable, although such entry was made

without a breach of the peace. *Ward* v. *Lindsey*, 6 Met. 407,
413. It was a tortious entry, although, as we have seen, the
effect of it, followed by abandonment of possession by the dis-
seisor, was to give to Mrs. Putnam a good title to the land, and
a possession which, once acquired, was good against a mere dis-
seisor.                                *Exceptions overruled in both cases.*

*F. T. Blackmer & R. Hoar,* for Rawson.

*F. P. Goulding & H. E. Hill,* for Putnam and Ward.