M. M. NELSON ET AL., APPELLANTS, VS. LOUIS J. BRUSH, APPELLEE.

1. A deed by one to land which is in the adverse possession of another is void as against such adverse claimant.

2. When by written agreement between opposing counsel it is admitted that "the defendant was in the actual possession of the land sued for, claiming the same adversely to the plaintiff and all others," this court cannot infer that the defendant was a trespasser.

3. B. makes a deed to the land to D., while N. is in adverse possession thereof: *Held*, That the deed is only void as to N., and as against him the title still remains in B., who may sue for and recover the land; that such recovery will inure to the benefit of D., as the deed from B. to D. is valid as between them.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion.

*Lucius Finley, S. Y. Finley* and *Wall & Turman* for Appellants.

*Randall, Walkers & Foster* and *S. M. & G. B. Sparkman* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court:

Action of ejectment by Louis J. Brush, the appellee, against the appellants, to recover possession of a tract of land in Hillsborough county. The plaintiff introduced in evidence a patent to the lands in controversy from the United States to himself as grantee, dated the 30th day of September, 1882. The plaintiff further introduced in evidence the following agreement in writing signed by the respective attorneys of the plaintiff and defendant.

" It is agreed by and between the attorneys for the plaintiff and the defendants, in the above entitled cause, that the record of a certain deed, made by the said Louis J. Brush to one George F. Drew, for the premises in question, shall be admitted in evidence on the trial of the above cause without proof of the execution of the original, if either party desires so to introduce the same. Counsel for

plaintiff and defendants further admit that plaintiff did not enter upon the land and deliver said deed thereon; that at the time, and before the execution of said deed, and the delivery of the same to the said George F. Drew, the said Louis J. Brush was not in the possession of said land, nor was he before, nor has he been since the execution thereof. And that the defendants, at the time of the execution and delivery of said deed, were in the actual possession of said land, claiming the same adversely to the said plaintiff, and all other persons, and that they have ever since been in the adverse possession of the same. It is agreed that the above admitted facts be admitted and used in evidence upon the trial of said cause in the behalf of either party desiring to use the same.

[Signed] " S. M. & G. B. Sparkman,
            Attorneys for Plaintiff.
         " Wall & Turman,
            Defendants' Attorneys."

The defendants then introduced in evidence a deed from Brush, the plaintiff, to George F. Drew, of the land in dispute, dated 23d of April, 1883.

This was all the evidence in the case. The Judge charged the jury as follows: " That a deed of conveyance of lands, executed by a person out of possession, is void, as against a party having adverse possession, and that before a person out of possession of lands can convey a legal title, as against a party holding such adverse possession, he must enter upon and take possession of the lands he desires to convey."

" That although the plaintiff may have executed a deed for the lands in controversy to George F. Drew, yet if the jury are satisfied from the evidence that the said Louis J. Brush was not in possession of said lands at or before the execution and delivery of said deed, and that the defend-

ants were then in possession, claiming adversely, and that the said Brush has never entered upon said land, such deed as to the defendants is void and conveys no legal title to the said Drew."

Judgment and verdict for plaintiff.

The appellants assign as error these instructions to the jury by the court.

The law is well settled both by the decisions in this State, and many others, that a deed by one to land in the adverse possession of another is void as against such adverse claimant. Doe *ex dem.* Magruder & Logan vs. Roe, 13 Fla., 602. The appellants insist that this rule does not apply because they were willful trespassers and could not be considered as holding adversely, and not so holding the deed from Brush to Drew was a valid deed, and that it vested title in Drew, that Brush had no interest in the land and could not support the action; that as the title was in Drew they could defeat the action by showing an outstanding title in him. What the effect of all this would be, if it had been proved at the trial, we do not feel called on to decide. The agreement in writing states as to the possession of defendant as follows: " And that the defendants, at the time of the execution and delivery of said deed, (the deed from Brush to Drew) were in the actual possession of said lands, claiming the same adversely to the plaintiff and all other persons. And that they have ever since been in the adverse possession of the same." This contradicts the assumption on the part of counsel that appellants were naked trespassers. This court cannot assume or infer from this agreement that the possession of appellants was of this character. It is true they show no paper title to the land, but possession alone by the defendant is sufficient proof of title, unless some superior paramount title in the plaintiff is shown.

There was no error in the instructions given by the court

*as against the appellants* in " actual possession of the land, claiming the same adversely to Brush and all others," as they admit the deed from Brush to Drew was nullity. In such case it has been held, and properly, that as against the adverse possessor the title still remains in the original proprietor and he may sue and recover the land. Livingston vs. Proseous, 2 Hill, 526.

" A recovery thereon, however, will enure to the benefit of the grantee," it being a valid deed between the grantor and grantee. Hamilton vs. Wright, 37 N. Y., R., 502; Tyler on Ejectment, pp. 938, 939.

Judgment affirmed.