JESSE MILTON and JESSIE MILTON, His Wife, *Plaintiffs in Error,* v. FRED C. DANFORD, *Defendant in Error.*

En Banc.

Opinion filed September 11, 1930.

*H. P. Bailey,* for Plaintiffs in Error;

*E. L. Bryan,* for Defendant in Error.

BUFORD, J.—In this case writ of error was taken from an order granting a new trial.

Danford brought suit against Jesse Milton and his wife, Jessie Milton. The plaintiff based his suit and right to recovery upon a deed without warranty from J. M. Miles and wife, Mae Louise Miles, dated the 7th day of September, 1928, and a tax deed from the Clerk of the Circuit Court of Hillsborough County to Mrs. J. M. Miles dated the 10th day of August, 1928. The tax deed recited that the lands were sold for taxes by the tax collector of the County of Hillsborough on the 5th day of July, 1926, for the unpaid taxes for the year A. D. 1925, as the property of "Unknown."

The record shows that at the time of the conveyance from Miles and wife to Danford, the plaintiff, the defendants were then in the open adverse possession of the lands involved in the suit. A judgment was rendered in favor of the defendants.

The law is well settled that a deed by one to land which is in the adverse possession of another is void as against such adverse claimant and also that where conveyance is made of lands which at the time are in adverse possession of one not a party to the deed ejectment will not lie in the name of the grantee to such deed, but only in the name of the grantor. See Coogler v. Rogers, 25 Fla. 853, 7 So. R. 391; Nelson v. Brush, 22 Fla. 374; Doe v. Roe, 13 Fla. 602; Watkins et al. v. Emmerson et al., 88 Fla. 86, 102 So. R. 10; Farrington v. Greer, 94 Fla. 457, 113 So. R. 722.

It, therefore, appears from the record that no judgment in this case could have been lawfully entered in favor of the plaintiff and it was, therefore, error to grant a new trial. The order granting the new trial should be reversed and the cause remanded with directions that the verdict in favor of the defendant as originally entered shall stand at

the basis for the judgment in this cause, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail. It is so ordered. Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. R. 842; Sec. 4615, Comp. Gen. Laws, 1927; Wilhelm v. South Indian River Co., 124 So. R. 729.

Reversed and remanded.

TERRELL, C. J., and WHITFIELD and STRUM, J. J., concur.

ELLIS and BROWN, J. J., dissent.

STRUM, J. (Concurring): In Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767, it was held that a *valid* tax deed clothed the grantee with a new, complete and perfect title by a paramount grant from the soverign, extinguishing all former title, of which it is entirely independent. When the tax deed and its antecedent procedure are valid, the land accompanied by a new exclusive, complete and paramount title goes to the purchaser. In this case, that rule applies to the title acquired by Mrs. J. M. Miles, the grantee in the tax deed. In an action in ejectment brought by her, the fact that the defendants, the Miltons, were in adverse possession and asserting an independent title at the time the tax deed was issued would be no bar to an action in ejectment by the grantee in the tax deed. As against that grantee, the title and possessory rights of the Miltons would be extinguished and obliterated, assuming the tax deed to be valid.

Mrs. Miles, however, who is the tax grantee, never obtained possession of the land, but while she was out of possession, and the Miltons were in possession, Mrs. Miles undertook to convey the land to the plaintiff, Danford. The latter was a conveyance between individuals, upon which the statute of uses operates. Although the disseisors, the Miltons, would have had no standing as against Mrs. Miles,

the tax deed grantee, on account of the fact that Mrs. Miles secured from the State a new, paramount and complete title through the tax deed, nevertheless, Mrs. Miles not being in possession *at the time of her conveyance to Danford,* was not in a position to convey a complete title to her grantee, Danford, because she was then disseised and therefore could not lawfully make livery of seisin. The statute of uses would intervene to prevent Mrs. Miles, a grantor out of possession, from conveying a complete title to Danford upon which Danford could maintain a real action for possession in his own name against the disseisors, the Miltons. See Section 5668, Comp. Gen. Laws, 1927.

Though Mrs. Miles acquired by her tax deed, if valid, a perfect title as against the disseisors, the Miltons, including the right to possession, not having gone into possession her deed to Danford was inoperative to convey to Danford the right of seisin, or the right of entry as against one who was in adverse possession at the time the deed from Mrs. Miles to Danford was executed. As against the disseisors in possession the deed from Mrs. Miles to Danford was void. See Bunch v. High Springs Bank, 81 Fla. 450, 89 So. R. 121.

The rule in Farrington v. Greer, 94 Fla. 457, 113 So. R. 722, therefore applies in an action by Danford, because he derives title through a conveyance from one who could not lawfully make livery of seisin upon him at the time of the conveyance to him. As against the disseisors, the Miltons, the deed to Danford was void—not because the Miltons were in possession at and prior to the issuance of the tax deed, but because Mrs. Miles was *out* of possession, and the Miltons *in* possession, at the time Mrs. Miles by private conveyance, to which the statute of uses applies, undertook to convey to Danford. Section 1020, Comp. Gen. Laws, 1920, and its predecessor statutes, are merely

statutes of repose, but this rule is consistent with the provisions thereof.

The point under discussion, however, is largely technical, for Danford may sue in the name of the tax deed grantee, Mrs. Miles, for his own use and benefit. See Farrington v. Greer, *supra*.

I, therefore, concur in the opinion prepared by Mr. Justice BUFORD, and in the judgment of reversal.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J., concur.

ELLIS, J., (dissenting) : The facts as disclosed by the record are in substance as follows: The lot of land was sold in 1926 for the taxes of 1925, a tax deed was made to Mrs. J. M. Miles therefor on August 10, 1928, who produced to the clerk of the court at the time of obtaining the tax deed the tax certificates on which the deed was based. On September 7, 1928, J. M. Miles and wife, Mae Louise Miles, conveyed the land to Fred C. Danford, who on the 22nd day of January, 1929, within six months after the date of the tax deed, began an action of ejectment against Mrs. Jessie Milton and her husband, Jesse Milton, to recover the land. Mr. and Mrs. Milton were in possession of the land. Mrs. J. M. Miles nor her husband had ever obtained possession and Danford had not obtained possession under the deed from Miles and wife.

On the 9th day of May, 1928, three months prior to the date of the tax deed to Mrs. Miles, R. E. L. Pryor and wife executed a warranty deed to J. E. Milton. One of the defendant, Jesse Milton, testified that he had "occupied that property" since March, 1925, and claimed the title to it under the deed from Pryor to J. E. Milton executed on May 9, 1928.

The case by consent of parties was tried by a Referee. There was some discussion about waiving objections to the introduction of deeds because the objection was not made at the proper time. The point is of no importance because the order in which evidence may be received when a case is tried before a jury is a matter within the court's discretion but when a case is tried by a Referee who is court and jury it becomes of little or no importance when an objection to evidence is made so long as it is made before the decision.

In December, 1929, the Referee decided the case in favor of the defendant. His findings and judgment rested upon the theory as set forth in his opinion that the deed from Miles and wife to Danford was void as to the Miltons because they were in possession of the land when Danford obtained his deed; that the phrase "the purchaser at such tax sale" as used in Section 794 Rev. Gen. Stats. 1920 is restricted in meaning "to the party named as grantee in the tax deed; that said last quoted provision of the statute does not cover a subsequent grantee from such party."

The statute to which reference was made provides that "the purchaser at such tax sale, where said real estate is in the adverse actual possession of any person or persons, shall not be entitled to recover possession of such real estate brought (bought) at such tax sale unless suit for such recovery shall be brought within one year from the date of acquiring the right to such tax title."

That section was amended by Chapter 12409 Laws 1927 which became Section 1020 Comp. Gen. Laws 1927 by which the time for bringing an action to recover the land sold for taxes was extended to four years and the phrase "purchaser at such sale" was changed to "holder under such tax deed" in one part of the section and "holder of such tax deed" in another part of the section.

The plaintiff made a motion for a new trial and on January 30, 1930, the Referee granted the motion to which order the defendants took a writ of error.

A writ of error to an order granting a new trial was not allowable at common law because the order not being a final judgment was not subject to review by writ of error. See Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 So. R. 782.

It is made reviewable on writ of error by Section 2905 Rev. Gen. Stats. 1920 (Sec. 4615 Comp. Gen. Laws 1927). It is assumed by the majority that the statute is applicable to such orders as made by Referees.

I do not concede that point as the same reason does not obtain when the writ of error is taken to an order granting a new trial by a court where a jury has rendered a verdict on the facts.

To my mind it is doubtful whether the statutes relating to Referees, Sections 4561, 4567 Comp. Gen. Laws 1927, may be considered as extending the right to a writ of error which may be taken to a judgment or decree of a Referee to an order granting a new trial by him. The Referee is both judge and jury. He hears the testimony of the witnesses, is required to keep a record of the case including the evidence taken as a part thereof, may hear and determine motions for new trials and may enter final judgment or decree. To such judgments or decrees only are writs of error expressly allowable by the statute. Sec. 4565, *supra*.

On appeal from a judgment by a referee the record of the proceedings as kept by him are considered as a bill of exceptions. See Stewart v. Mathews, 19 Fla. 752. And where his judgment is reversed he has no further jurisdiction of the case unless it should be again referred to him by consent of the parties. See Camp v. First Nat. Bank of Ocala, 44 Fla. 497, 33 So. R. 241.

The Referee's findings of fact are entitled to the same weight as the verdict of a jury. See A. C. L. Ry. Co. v. Sandlin, 75 Fla. 539, 78 So. R. 667; Holland v. Holmes, 14 Fla. 390; Moulie v. Hughes, 28 Fla. 617, 10 So. R. 94; Barrs v. Brace, 38 Fla. 265, 20 So. R. 991; A. C. L. Ry. Co. v. Partridge, 58 Fla. 153, 50 So. R. 634; Humphreys v. Drew, 59 Fla. 295, 52 So. R. 362; McLeod v. Citizens Bank of Live Oak, 61 Fla. 343, 56 So. R. 190.

It has been definitely held by this Court that an appeal does not lie in a case at law before a referee except from a final judgment. See Demens v. Poyntz, 25 Fla. 654, 6 So. R. 261; Jones v. Tyler, 58 Fla. 290, 51 So. R. 283.

The majority opinion, however, deals with the case on its merits as if Section 4615, Comp. Gen. Laws, *supra,* applies to an order granting a new trial by a referee. The provisions of that section cannot be read into the provisions of Sections 4561-4567, Comp. Gen. Laws 1927, without interpolating words into such sections to make the former section 4615 *supra* applicable.

The findings and judgment of the referee which appear in the record were in favor of defendants but the referee had the power to grant a new trial. The record discloses no notice given in writing to the parties by the referee either of his findings or of his judgment after entering it. The motion for a new trial was made within ten days after the date of the findings and judgment but it does not appear that the hearing of the motion was had by the referee within ten days after it was filed with him. The motion, it appears, was filed on December 24, 1929, and considered by the referee and granted on January 30, 1930, more than thirty days after it was filed before him.

The proceeding appears therefore to be irregular and without authority of law from the entry of the findings and judgment on the —— day of December, 1929.

The record discloses that the "record in said court in Minute Book 50, page 177" shows that the motion for a new trial was "*denied.*" The order itself, however, shows that the motion was granted.

I think that the writ of error should be dismissed for the reasons above given.

I do not agree with the reasoning of the majority on the merits because in the view which I have of the meaning of Section 794, Rev. Gen. Stats. 1920, as amended by Chapter 12409, *supra,* adverse possession of lands by a person cannot be held as against a tax title valid in all respects within one year or four years from the date of the tax deed, unless possession was acquired subsequently to the date of the tax deed and such possession cannot be under a deed as color of title acquired prior to the date of the tax deed. Nor do I think that the words "the purchaser at such tax sale" are limited in meaning to the original grantee in the tax deed. The purchaser at a tax sale is one who appears at the tax sale and acquires by his purchase the tax sale certificate. But a sale may be made to the State. Sec. 759, Rev. Gen. Stats. 1920 (972 Comp. Gen. Laws 1927). A tax sale certificate issued either to the State or to an individual may be transferred by endorsement at any time before it is redeemed or a tax deed is executed therefor. Sec. 767, Rev. Gen. Stats. 1920 (Sec. 982, Comp. Gen. Laws 1927).

There is no limit to the number of times a tax sale certificate may be transferred. The transferee of such a certificate cannot be said to be a "purchaser at such tax sale" even if the tax deed is executed by the clerk to him. But a conveyance by the grantee in a tax deed who must be the holder of the tax certificate on which it is based is nothing less than the transfer of the tax certificate to his grantee thereby making his grantee as much a "purchaser at such

tax sale'' as the holder of a certificate who is several times removed from the original purchaser at such sale.

If in this case Mrs. J. M. Miles had transferred her tax certificate to Danford and the tax deed had been made to him could he not have maintained the action within one year against the Miltons and would their claim of adverse possession or naked possession have availed against Danford's action?

The distinction made in Clark v. Cochran, 79 Fla. 788, 85 So. R. 250, is that where a grantee from the grantee in a tax deed goes into possession of the land the four year statute of limitations prescribed by the statute under which the tax deed issued is not available to him when his title depends upon adverse possession under color of title. The grantee in the tax deed not having possession of the land. The grantee in the tax deed in the Clark-Cochran case issued in 1903 did not take such actual possession of the land as the statute required, therefore the grantees in 1912 who did actually go into possession could not claim the benefit of the four year statute as applying to their possession.

Then what virtue of the tax title and when was it lost to Danford by the passage of title within the year through the Miles against whom the Miltons would have had no standing whatsoever?

The theory that a person may not convey his interest in land by a deed of conveyance good as against a third person in possession rests upon a rule at common law derived from the law against maintenance. The rule was that a man who had in him only the right of either possession or property, could not convey it to any other lest pretended titles might be granted to great men, whereby justice might be trodden down and the weak oppressed. See Lewis' Blackstone, Book II, p. 290.

Lord Coke expressed the doctrine in the following words: "It is one of the maxims of the common law that no right of action can be transferred 'because, under color thereof pretended titles might be granted to great men whereby rights might be trodden down and the weak oppressed, which the common law forbiddeth'." Co. Litt. 214 note in Lewis Blackstone, *supra*.

The rule found expression in an enactment of 32 Hen. VIII c. 9 which was said to be in affirmance of the common law. But by 8 and 9 Vict. c. 106 contingent, executory and future interests and possibilities coupled with an interest in any tenements or hereditaments or any tenure whether the object of the gift or limitation of such interest or possibility be or be not ascertained and rights of entry whether vested or contingent may be disposed of by deed.

The ancient policy which prohibited the sale of pretended titles and held the conveyance to a third person of lands held adversely at the time to be an act of maintenance was founded upon a state of society which does not exist in this country. The old rule grew out of the statutes passed in the reigns of Edward I and Edward III against champerty and maintenance made necessary because of the embarrassment which attended the administration of justice in those turbulent times, says Mr. William Draper Lewis in a note to the text in Lewis' Blackstone, *supra*.

The doctrine which prevails in this State and announced in Coogler v. Rogers, 25 Fla. 853, 7 So. R. 391, that a deed conveying lands which are at the time of its execution held adversely by a person not a party to the deed is void as to such person, but not as between the parties to the deed obtains in many states. It is based upon the old common law which was finally crystallized in the statute of 32 Hen. VIII c. 9 and then repealed by 8 and 9 Vict. c. 106. The doctrine does not exist in some states in which a convey-

ance by a disseisee would seem to be good and pass to the third person all his rights of possession and of property whatever it might be. 4 Kent. Com. (8 Ed.) 487.

The doctrine as it obtains in this State and expressed in Coogler v. Rogers, *supra,* as Chancellor Kent says, is conformable to the whole genius and policy of the common law that the grantor should have in him at the time a *right of possession.* A feoffment was void without livery of seisin and without possession a man could not make livery of seisin but it applies only in cases where the land is *adversely* held by a person not a party to the deed.

It is universally held that a conveyance by the owner of the land to the person in possession is valid. So it would seem that the rule rests more upon the rule against champerty and maintenance than upon the principal that a feoffment is void without livery of seisin.

The tax deed, assuming that all its antecedent proceedings were valid, clothes the grantee from the time of its delivery with a new complete, exclusive and paramount title in a new right under an independent grant from the sovereign authority. The tax title ''has nothing to do with the previously existing chain of record title nor does it in any way connect itself with it.'' The sale for taxes and the deed executed under it operates upon the land itself and not upon the title by which it had theretofore been held. See Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767.

The claim of Milton, therefore, whether based upon the conveyance from Pryor or resting upon a possession claimed to be adverse without color of title, was exterminated by the tax deed to Miles. The statute was designed to preserve the *status quo* for the period of one year from the date of the tax deed during which no claim based upon a

title anterior to the date of the tax deed or in any wise connected with the record or unrecorded title should be available to the person in possession. It required the holder of the tax title, whether original grantee or grantee several times removed, to begin his action within a year from the date of the tax deed to regain possession. In which action the only defense available should be an attack upon the regularity of the tax proceedings on which the tax title rested.

On the merits of the case, therefore, I think that the order granting a new trial should be affirmed if this Court is deemed to have jurisdiction on a writ of error to an order by a referee granting a new trial.